UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
HENOCK ASSE, A/K/A JEAN JOCELYN
MERILIEN, GDC # 1048466,

                Petitioner,

    - against -

NEW YORK STATE,

                Respondent.
------------------------------------------------------------X

**MEMORANDUM AND ORDER**
11-CV-2641 (RRM)

**MAUSKOPF, United States District Judge.**

        On May 31, 2011, petitioner, currently incarcerated at Rutledge State Prison for a 2006 Rockland County, Georgia conviction for double murder, filed this *pro se* petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his unrelated 1994 Kings County, New York conviction, for which he was sentenced to five years probation. (Pet. for Writ of Habeas Corpus (Doc. No. 1) ¶ 2.) The Court grants petitioner's request to proceed *in forma pauperis*. For the reasons below, the Court denies the petition.

## DISCUSSION

        A § 2254 petitioner must first show that he is "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a) (2006). The petitioner must "be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989). When a petitioner's sentence for a conviction has fully expired, the conviction may not be challenged because the petitioner is no longer "in custody" pursuant to that conviction. *Lackawanna Cnty. Dist. Attorney v. Coss*, 532 U.S. 394, 401–02 (2001). However, the "in custody" requirement for federal habeas jurisdiction may be satisfied if petitioner's *pro se* petition, liberally construed, asserts "a challenge to [the current] sentence, as

enhanced by the allegedly invalid prior conviction." *Lackawanna Cnty.*, 532 U.S. at 401–02 (quoting *Maleng*, 490 U.S. at 493); *see also Williams v. Edwards*, 195 F.3d 95, 96 (2d Cir. 1999) (remanding a habeas petition dismissed by the district court for lack of jurisdiction in order to allow petitioner to amend his petition to challenge explicitly the allegedly illegal enhancement of the sentence for which he remained in custody). Because petitioner is no longer serving the sentence for his 1994 conviction and he does not challenge his current sentence issued by Rockland County, Georgia, he cannot bring a federal habeas action directed solely at that conviction.[1]

## CONCLUSION

Accordingly, for the reasons set forth above, the petition for a writ of habeas corpus is denied. A certificate of appealability shall not issue because petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2) (2006); *Lucidore v. N.Y. State Div. of Parole*, 209 F.3d 107, 112–13 (2d Cir. 2000). The Court certifies pursuant to 28 U.S.C. §1915(a) that any appeal from a judgment denying the instant petition would not be taken in good faith. *Coppedge v. United States*, 369 U.S. 438 (1962).

SO ORDERED.

Dated: Brooklyn, New York
June 6, 2011

ROSLYNN R. MAUSKOPF
United States District Judge

---

[1] The Court notes that petitioner, under the name Jean Jocelyn Merilien, is a frequent litigant in the district courts of Georgia and the Court of Appeals for the Eleventh Circuit. A review of the Federal Judiciary Public Access to Court Electronic Records ("PACER") Service reflects that petitioner has been involved in twenty-five actions in federal courts since 2007, primarily in the United States District Court for the Northern District of Georgia. *See http://pcl.uscourts.gov* (last visited June 1, 2011); *see also, e.g., Merilien v. Read*, No. 08-CV-02677 (N.D. Ga. Aug. 27, 2008) (barring petitioner from the filing of prisoner *in forma pauperis* actions under 28 U.S.C. § 1915(g) on finding that petitioner had "filed three civil cases that have been dismissed as frivolous or for failure to state a claim").